Mitchell *v.* Dockray.

AMMI R. MITCHELL vs. KATE H. DOCKRAY, executrix.

*Referee can determine both law and fact.*

One to whom an action is referred, by an unrestricted rule of court has authority to determine the law as, in his judgment, under the circumstances, seems best; and his ruling is conclusive.

ON REPORT.

ASSUMPSIT upon four promissory notes given by the defendant's testator to the plaintiff. The cause was referred by rule of court to Hon. William L. Putnam with no special limitation of his power as referee. At the hearing it was objected that no demand for payment was proved to have been made before instituting the action but Mr. Putnam ruled that none was necessary, and in his report, after an award of $5057.35 to be paid the plaintiff, he says: "The above award is absolute on the part of the referee, unless the referee has the authority to submit to the court the following questions of law, raised by the defendant during the hearing, and herein stated and submitted to the court by the referee, and unless the court has the power to decide said questions and thereupon to modify, re-commit or set aside the award accordingly. The defendant objected at the hearing that the plaintiff had not made any demand on the defendant previous to suit. There was no proof that the notes dated October 5 and November 1, 1864, above allowed to the plaintiff, were ever demanded of the defendant . . . . but the referee ruled at the hearing that the plaintiff was not holden to prove any demand."

The defendant filed written objections to the acceptance of the report, based upon alleged error in this ruling, which he had now by the terms of his report (as above quoted) submitted to the determination of this court for revision.

*Butler & Fessendens,* for the plaintiff.

The want of demand was not put in issue by the pleadings. R.

S., c. 82, § 18. It should have been pleaded in abatement to avail the defendant. Chitty on Pleadings. Tit., Abatement. It was waived by filing the account in set off. Angell on Ins., §§ 242, 249; *Heath* v. *Franklin Ins. Co.*, 1 Cush., 265; *Clark* v. *N. E. Ins. Co.*, 6 Cush., 342; *Underhill* v. *Agawam Ins. Co.*, Id., 440; *Vos* v. *Robinson*, 9 Johns., 192; *Ætna Ins. Co.* v. *Tyler*, 16 Wendell, 385; *Frances* v. *Ocean Ins. Co.*, 6 Cowen, 404; *Sexton* v. *Montgomery Ins. Co.*, 9 Barb., 191.

A reference is a waiver of all errors in the proceedings. *Morse on Arbitration*, 71; *Hix* v. *Sumner*, 50 Maine, 290; *Forseth* v. *Shaw*, 10 Mass., 253; *Maxfield* v. *Scott*, 17 Vermont, 640; *Swift* v. *Harriman*, 30 Vermont, 607, *Waterman* v. *Conn. R. R. Co.*, Id., 610; *Reed* v. *Stockwell*, 34 Vermont, 206.

*McCobb & Kingsbury*, for the defendant.

By his report the referee proposes to the court for its solution the "questions of law" . . . "herein stated and submitted;" so this court has full power to determine them. *Barnard* v. *Spofford*, 31 Maine, 39; *Ward* v. *American Bank*, 7 Metc., 486; *Knight* v. *Wilder*, 2 Cush., 199; *Ellicott* v. *Coffin*, 106 Mass., 368, 369. *Greenough* v. *Rolfe*, 4 N. H., 357; *Roosevelt* v. *Sherman*, 1 Johns. Ch., 220; *Johns* v. *Stevens*, 3 Vermont, 308.

This objection was insisted upon at the hearing, not being waived by the reference. Only objections to the form of procedure is thus waived. In *Porter* v. *Dickerman*, 11 Gray, 482, the award was set aside for a gross misjoinder of plaintiffs. See also, *Austin* v. *Kimball*, 12 Cush., 485.

RESCRIPT.

This action was referred by an unrestricted rule of court. The referee had the authority to rule the law, as seemed best in his own judgment under all the circumstances of the case. Having ruled that, under the peculiar circumstances of the case, the plaintiff was not holden to prove any demand, his ruling is conclusive. Such statutory provisions may be waived. *Report accepted.*